JOHN EVANS, Respondent, v. THE HIGHLAND BOY GOLD MINING COMPANY, and ROBERT T. WHITE, Appellants.

No. 1534. (76 Pac. 1135.)

(Decided April 16, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart,* Judge.

Action to recover damages to growing crops. From a judgment in favor of the plaintiff, the defendants appealed.

REVERSED ON AUTHORITY OF LESTER V. HIGHLAND BOY GOLD MINING COMPANY, 27 Utah 470.

*Messrs. Sutherland, Van Cott & Allison* for appellants.

*Messrs. Henderson, Pierce, Critchlow & Barrette* for respondent.

BARTCH, J.—This is an action to recover the sum of $4,402.59, as damages to growing crops and fruit trees, which the plaintiff alleges he sustained during the period from 1899 to 1902, through the operation, by the defendant, of the Highland Boy smelter from which, through its smokestack, were emitted smoke, gases and vapors deleterious to vegetation, and then carried by the winds to the plaintiff's farm, situate about one-fourth of a mile southerly from the smelter, and deposited upon the trees and crops growing on said farm.

The plaintiff also sued for $650 damages, which he claims for physical annoyance and discomfort suffered by him in inhaling the smoke from the smelter.

At the trial the jury returned a verdict in favor of the plaintiff assessing his damages in the total sum of $4,094.66.   Upon judgment being entered accordingly, the defendant appealed.

The appellant contends the court erred in charging the jury, as follows:

"The plaintiff in this case is entitled to recover only such damages to his crops of lucerne, potatoes, corn, wheat, and such things as are sued for, as they were worth at the time when destroyed or injured, and at the place where injured or destroyed.   In other words, if they were injured or destroyed at or before the time of harvest in the different years, respectively, then in arriving at the damages, you must take the market value of such crops at the prices prevailing at the time of such harvest, or within a reasonable time thereafter.

You are instructed that if you find from the evidence that plaintiff has suffered damages to his lucerne crops for the years 1900 and 1901, in consequence of smoke issuing from the smelter of the defendant company, then in assessing the damages so sustained you should determine the fair and reasonable value of the crops at the time of their injury, and what their value would have been at that time in the absence of any such

injury, and the difference, if any, represents the measure of damages which you should allow."

"If you find for plaintiff under the evidence, then upon the amount so found you should add interest thereon at the rate of 8 per cent per annum from the 26th day of February, 1902, and you are requested to separately state such item of interest in your verdict."

It will be noticed that the same questions of law here presented for decision were presented and determined in the case of Lester v. Highland Boy Min. Co. et al., 27 Utah 470, decided at the present term, in which case appeared a like state of facts. We, therefore, for our opinion herein, refer to that case, and, upon the authority of that case, this one must be reversed with costs, and the cause remanded with directions to the court below to grant a new trial.

It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.