LITTLE ROCK & FT. SMITH RAILWAY COMPANY *v.* WALLIS.

Opinion delivered April 8, 1907.

1. WATERS—OBSTRUCTING DRAINAGE.—A railroad company has no right, in the use of its right-of-way, to injure the lands of upper proprietors by flooding them with surface water which has been used to pass over the right-of-way when by reasonable care and expense it might, consistently with the enjoyment of the right-of-way, leave a free passage for the water. (Page 453.)

2. DAMAGES—FLOODING LAND.—It was not error to instruct the jury, in determining the injury to a growing crop by flooding the land with surface water, that the measure of damage in case of a total destruction of the crop was the actual value of the crop at the time of its destruction, with six per cent. interest from date of such destruction, and that in case of a partial destruction the measure would be a sum that would fairly compensate for the actual injury or damage. (Page 453.)

3. APPEAL—HARMLESS ERROR.—The admission of incompetent testimony is not prejudicial where the same facts are proved by competent testimony. (Page 454.)

Appeal from Faulkner Circuit Court; *George M. Chapline,* judge; affirmed.

STATEMENT BY THE COURT.

The plaintiff, J. A. Wallis, complains of the defendants, the Little Rock & Ft. Smith Ry. Company and the St. Louis, Iron Mountain & Southern Railway Company, and for cause of action against them says:

"That defendant Little Rock & Ft. Smith Railway Company is a railroad corporation, duly organized under the laws of the State of Arkansas, and it does now and has heretofore on the dates hereinafter mentioned, owned and operated in the manner hereinafter set forth a railroad through Faulkner County, Arkansas, and did at the time hereinafter set forth construct and repair the construction of its roadbed along its right-of-way through said county. That the defendant the St. Louis, Iron Mountain & Southern Railway Company is a railroad corporation duly organized under the laws of the State of Arkansas, and as such, under direction of the said Little Rock & Ft. Smith Railway Company and as lessee thereof, is now and did on the dates hereinafter named operate the said line of railroad through Faulkner County, Arkansas, and did on the dates hereinafter named construct and repair the construction of the roadbed along the right of way through said county of said above railroad, under the direction of and as lessee aforesaid.

"Plaintiff says that he is the owner of the following land in Faulkner County, Arkansas, towit: The southeast quarter of section 12, in township 3 north, range 14 west. He says that the right of way of said defendants and the roadbed of said defendants crosses said land, and has been constructed across said land for several years prior to July, 1902. He says that in July, 1902, the said defendant did repair and construct the said roadbed along the said right of way across said entire tract of land, and did complete the same on said land during the latter part of August or first of September, 1902. He says that the roadbed crosses said lands at the eastern portion thereof in a direction from the southwest to the northeast, and that the natural course of the water in draining said land flows from the western portion thereof across said right-of-way of defendants. He says that

the said defendant, in July, 1902, and up to September 1, 1902, did repair and reconstruct its roadbed along the above-described land, and did wrongfully and negligently construct and maintain said roadbed along the above-described land, and did wrongfully and negligently construct and maintain said roadbed so that the embankment of the same was built to a high elevation, and the ditches and outlets across the same through which the water did heretofore, according to the natural course of the water, flow were wrongfully and negligently filled up by said defendants, and have been wrongfully and negligently maintained in that manner ever since; that thereby the defendants have caused the water running along the creeks of said land and the surface thereof to overflow said land and to rise higher and remain longer upon said land than it did before, greatly in the damage of the plaintiff.

"Plaintiff says that, by reason of this roadbed having been constructed and the outlets and ditches filled up by the defendants as aforesaid, defendants did cause about forty-eight acres of land upon the above tract to be overflowed by the waters of the creek and falling on the surface thereof, and that said overflow of said land was caused wrongfully and negligently by said defendant as aforesaid in July, 1902, and that said waters did remain thereafter on said land through said above cause for a long period of time; that at that time said land had been planted in cotton and in corn, and the same were then growing; that said cotton and corn were damaged and destroyed by said water so negligently backed up and overflowing said land, and so caused by the defendants. The said damage to said crop amounted to the value of $1,500.

"Plaintiff says that the said roadbed across said land was thus negligently constructed and negligently maintained in the same manner during the year 1904; that by reason thereof said land was overflowed wrongfully and negligently by the defendant during the months of June and July, 1904; that said land had been during said year 1904 planted in cotton and corn, and that the same were damaged and destroyed by the backing up and overflow of the waters on said land and crops, caused by the defendant as aforesaid; and that said damage to said crop of cotton and corn by reason of such overflow of said waters

amounted to the sum of $1,500. Plaintiff says that said roadbed across said land was thus negligently constructed, and was negligently maintained during the year 1905; and that by reason thereof said land was overflowed by said waters in the above manner and wrongfully and negligently by the defendant during May and June, 1905; that said land had been during said months and year planted in cotton and corn, and that said crops were damaged and destroyed by said waters and overflow, and that the damage to said crops during the year 1905 amounted to the sum of $1,500. Plaintiff says that no part of said damages has been paid to him, although the defendants were notified thereof.

"Wherefore plaintiff prays for judgment against said defendants for the sum of four thousand and five hundred dollars damages; and he prays for judgment for costs and all proper relief."

The defendants answered and denied these allegations:

T. L. Daniels, a witness for the plaintiff, testified "that the plaintiff owned the land near Palarm Station on the Little Rock and Ft. Smith Ry. Co., upon and across which the line of the said railway was constructed; that during the year 1902 said line of railway was rebuilt and reconstructed; that before such reconstruction there were two trestles or waterways through the company's embankment on that land built to permit the water from the south or west side of said track, which was slightly higher than that on the east or north side of said track, to pass through to the lower ground and into Palarm creek; that when this embankment was reconstructed these two trestles were closed up, and two tile pipes thirty inches each in diameter were placed through the dump or embankment at the lowest point on the lands of the plaintiff, that is, at a point to which all of the rain water which fell upon said lands came by natural drainage or percolation; that there was no natural watercourse on or across said lands, and that the only water on the same was the rain water which fell thereon; that there were several drains and ditches upon this land of appellee, which ran towards the railroad embankment, and to a drain or ditch which ran along the west side of the railroad embankment, and then across the rail-

road embankment, through a drain which ran from the east side of the railroad embankment to Palarm Creek."

Witness testified that, before the two trestles were closed up by the reconstruction of the road, the water readily drained off of this higher ground through these trestles, and left the land in a cultivable state; that after the reconstruction of the road the two drain pipes above referred to proved to be insufficient to accommodate the drainage of said land; that the water came down against the company's embankment and backed up over forty-eight acres of land for a depth of from two to four feet; and that this occurred in the years 1902, 1904 and 1905; and that the crops of plaintiff on such lands in these years were greatly damaged.

Plaintiff testified to the same effect as Daniels did, each one estimating the damage of plaintiff to be about $1,800 for each of the years, 1902, 1904 and 1905.

George A. Merrick testified: "That he was a surveyor and civil engineer; that he was familiar with this land; that at the instance of Mr. Wallis, the plaintiff, he made a topographical map of what is claimed in this section as the overflow lands; that, in order to do this, he made a survey of the lands. This map was introduced in evidence, and clearly showed where the two tile drains are under the dump of the railroad track; showed the various contour lines and their elevation with reference to the base of the tile drains; and showed, it is claimed, that thirty-eight acres held standing water. It also shows that a double thirty-inch tile will drain from eighteen to twenty acres, whereas the water shed is from eighty to one hundred acres, and will require a double box of 5 x 3 feet."

The defendants adduced testimony to sustain their defense, which it is not necessary to state.

Over the objections of the defendants, San Frauenthal testified for plaintiff as follows:

"In 1902 I had a conversation with Mr. Oscar L. Miles, who was then the general counsel for the Little Rock & Ft. Smith Railway Company and the St. Louis, Iron Mountain & Southern Railway Company, and is now, as I understand, general counsel of these two railroad companies, and he, as

such official, stated to me that the Little Rock & Ft. Smith Railway Company owned the line of railroad—was a corporation which held its-identity and owned the line of railroad from Little Rock to Ft. Smith and through Faulkner County, Arkansas. That is the only railroad that is in operation that runs through Faulkner County, Arkansas, and it had leased the line of railroad to the St. Louis, Iron Mountain & Southern Railway Company, which latter company was operating it as lessee. Now, I had at that time several claims against it. In 1902 this embankment or dump, which runs through Faulkner County, was in various places repaired or changed, in some built higher and in others changed to other ground, and the company was building it, as Mr. Miles told me, was obtaining this right-of-way in places. I represented eight or ten different persons, and Mr. Miles, claiming to represent the Little Rock & Ft. Smith Railway Company, as he was, obtained from these various persons deeds to the Little Rock & Ft. Smith Railway Company to the right-of-way where the line of track or the embankment upon which the track was built was to be changed from its former location to other land near it, and he stated to me that they, the Little Rock & Ft. Smith Railway Company, were making these improvements. In addition to that, Mr. Miles stated here in open court about the same time that the Little Rock & Ft. Smith Railway Company owned the embankment and owned the track which runs through Faulkner County, and from Little Rock to Ft. Smith, and that the railroad was leased by that company to the St. Louis, Iron Mountain & Southern Railway Company, which was operating it."

The jury returned a verdict against the Little Rock & Ft. Smith Railway Company in favor of plaintiff for $1,800. Judgment was rendered accordingly.

*Oscar L. Miles,* for appellant.

1. The measure of damages adopted in this case was erroneous. 165 U. S. 604; 45 Ark. 256; 44 Ark. 258; *Id.* 360.

2. The testimony of witness Frauenthal was incompetent and inadmissible, because (1) it is in violation of the rule requiring the production of the best evidence, and (2) it is pure hearsay. 17 N. Y. 131; 4 Wend. 394; 41 N. J. L. 115; 71 N.

Y. 118; 57 N. E. 569; 52 Ark. 78; 57 Ark. 287; 1 Elliot on Ev. § 256; 20 Wis. 241.

*Sam Frauenthal,* for appellee.

1. If by the exercise of proper care and skill the railroad could have foreseen and guarded against the obstruction of waters which naturally flowed across its roadbed, and failed to do so, it is liable for the damage caused thereby; and in this case the actual value of the crops destroyed, with six per cent. interest from the time of the injury, is the proper measure of damages. 39 Ark. 463; 57 Ark. 387; *Id.* 512; 52 Ark. 240; 56 Ark. 612; 72 Ark. 127.

2. The testimony of witness Frauenthal was competent; but if incompetent it was not prejudicial, as it in no wise affected the merits of the case.

BATTLE, J., (after stating the facts.) Was plaintiff entitled to recover? In *Little Rock & Ft. Smith Ry. Co.* v. *Chapman,* 39 Ark. 463, it was held that "a railroad company has no right, in the use of its right-of-way, to injure the lands of upper proprietors by flooding them with surface water which had been used to pass over the right-of-way, when by reasonable care and expense it might, consistently with the enjoyment of the right-of-way, leave a free passage for the water." To the same effect the court held in *Baker* v. *Allen,* 66 Ark. 271. Under the rule laid down in these cases and the evidence adduced in this case, the railroad was liable for damages. *Railway Company* v. *Cook,* 57 Ark. 387.

Appellant complains of the measure of damages adopted in this case. The court instructed the jury in that respect as follows:

"The court instructs the jury that if you find for the plaintiff, then you will assess his damages at a sum that will fairly compensate him for the actual value of the crops at the time of their destruction, with six per cent. interest thereon from the date of such destruction, in the event you should find from the evidence that the said crops or any part thereof were destroyed. And in the event you should find from the evidence that said crops or any part thereof were injured and damaged by such

overflow, then you will find in favor of the plaintiff in a sum that will fairly compensate him for the actual value of such injury or damage to such crop or any part thereof."

This is substantially the rule laid down in such cases by this court. *Railway Co.* v. *Yarborough,* 56 Ark. 612; *Railway Co.* v. *Lyman,* 57 Ark. 512; *Railway Co.* v. *Cook,* 57 Ark. 387.

The testimony of Frauenthal, if incompetent, was not prejudicial. J. A. Wallis, the plaintiff, testified that in 1902 the roadbed of the Little Rock & Ft. Smith Railway Company ran through his farm, and in that year was rebuilt and reconstructed at that place, and while this work was going on he had a conversation with a Mr. Dalton, who was the superintendent of that company, and was superintending the work at the time, and that he informed him that the company was doing the work of rebuilding and reconstructing the roadbed. Daniels testified that the Little Rock & Ft. Smith Railway Company reconstructed and rebuilt its railroad embankment through the lands of appellee near Palarm station in Faulkner County, Arkansas; that they raised the embankment from eight to twelve feet at that place, closed up one trestle entirely, and also closed another trestle, placing, however, in that opening two tiles. G. A. Merrick testified that he was a surveyor and civil engineer; that the roadbed of the Little Rock & Ft. Smith Railway Company runs through the land of plaintiff; that in 1902 the roadbed at that place was reconstructed and rebuilt, and "that he was employed by that company to obtain deeds for right-of-way where the roadbed was changed, and that he did obtain such deeds in 1902 at the time of the rebuilding and reconstruction of the roadbed, and that all such deeds for roadbed and right-of-way were executed to the Little Rock & Ft. Smith Railway Company, and that he made surveys for the Little Rock & Fort Smith Railway Company at that time for the purpose of describing the lands in such deeds for right-of-way; that he obtained deeds for right-of-way for the Little Rock & Ft. Smith Railway Company from Mr. Wallis, the plaintiff, during 1902 when the roadbed was rebuilt and reconstructed at his place, and part of the railroad embankment for which he obtained deed at that time ran through the farm of Mr. Wallis. He also testified that he settled with parties for claims that they had against the railroad

in 1902 growing out of the rebuilding of the roadbed in that year, and in making these settlements he was representing the Little Rock & Ft. Smith Railway." This testimony was uncontroverted. If the testimony of Frauenthal had been excluded, the uncontradicted testimony in the case showed that the Little Rock & Ft. Smith Railway Company owned the roadbed of the railway through the plaintiff's land, and did the work of rebuilding and reconstructing it in 1902.

The evidence was sufficient to sustain the verdict of the jury.

Judgment affirmed.