ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

v. SAUNDERS.

Opinion delivered January 13, 1908.

1. WATERCOURSE—OBSTRUCTION—MEASURE OF DAMAGES.—In a case of the total destruction of a growing crop, when it was so young that it had no market value, and when it was too late in the season to replant crops of the kind usually produced upon the land, the rental value of the land is the measure of damages. (Page 114.)

2. APPEAL—HARMLESS ERROR—If it was error to admit evidence tending to prove the cost of cultivating overflowed land in an action for the destruction of a crop by overflow, such error was not prejudicial where the court instructed the jury that the measure of plaintiff's damages, if he was entitled to recover, was the rental value of the land. (Page 115.)

3.  WATERCOURSE—OVERFLOW—EVIDENCE.—In a suit against a railroad company for causing plaintiff's land to overflow by providing insufficient openings in defendant's roadbed for a certain watercourse, it was not error to refuse to permit defendant to prove that other farms on the same stream, both above and below the railroad, were overflowed, if there was no proof that the conditions of such farms were similar to those of plaintiff's farm.  (Page 115.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Tom M. Mehaffy* and *J. E. Williams,* for appellant.

1.  The court erred in the admission of testimony as to the rental value of the land.  The effect of permitting appellee to introduce testimony to show what it cost to plant and cultivate the crop up to the time of its destruction, and then to recover for the rent of his land on testimony as to the rental value of the whole farm, was to magnify his damages, and set up a measure of damages contrary to the rule laid down by this court.  He cannot recover both rent of land and value of crops. 56 Ark. 612.

2.  Appellant should have been permitted to introduce testimony offered to show that the creek overflowed other farms and that other crops were destroyed both above and below.  There would be no liability on the part of the appellant if the overflow was general and inevitable, nor if there was another concurrent cause which alone would have caused the destruction.

3.  It was error to refuse the fourth instruction requested by appellant to the effect that the burden of proof was on the appellee to show that appellant in building its roadbed so obstructed or impeded the natural stream or flow of the water, etc., and constructed the same in such a careless and unskillful manner as to cause the damage.

4.  If it was a well known fact and understood by appellee that the creek at this point would overflow and destroy the crops, appellant ought not to be held liable therefor, and appellee should be held to have assumed the risk attendant upon his planting a crop at that point.  The ninth instruction asked by appellant should have been given.

*John E. Bradley,* for appellee.

1. In this case, the crops being too young and immature to have a market value, the measure of damages is the rental value of the lands. Sedgwick on Dam. (8 Ed.), § § 125, 184, 191,* 952; 34 Am. & Eng. R. Cas. 199; 47 Ga. 260; 21 L. R. A. 608. And if there was error in admitting testimony as to the cost of preparing and seeding the land for the crops, which is not conceded, it was rendered harmless by the court's sixth instruction limiting the measure of damages to the rental value of the land occupied by the crops.

2. No proper foundation was laid for the introduction of proof to show that crops above and below were overflowed, and there is no proof to show that the destruction of the crops from the overflows complained of was inevitable, independent of the effect of the railroad. The testimony was incompetent and immaterial. Gould on Waters, § 493; 14 S. W. 611.

3. The fourth instruction requested by appellant was fully covered by its third request, which was given, and was properly refused.

4. There was no evidence on which to base the ninth instruction requested, and appellee could hardly be held to a foreknowledge of the seasons.

WOOD, J. Appellee brought three separate suits against appellant alleging the destruction of his crops for the years 1903, 1904 and 1906, by overflow caused by the negligent construction by appellant of its roadbed over a large stream, known as Terre Noir Creek, by reason of which negligent construction appellee averred his lands were overflowed, and his crops were destroyed for each of the years for which he sued.

The appellant answered each complaint, denying all the material allegations thereof, and setting up that appellee's damage was produced not by the negligence of appellant but by natural causes, to-wit: "by heavy rainfalls, that overflowed all the lands in the vicinity of 'Terre Noir Creek.'" Appellant set up also affirmatively the three and five years' statutes of limitations. The suits were consolidated.

We have heretofore passed upon a record very similar to this between the same parties, in a suit for damages for the destruction of crops on the same land, but for a different year,

produced, as was alleged, by the negligent construction of this same roadbed. That case is reported in 78 Ark. at page 589. The facts are stated in that case. The facts in this case are so similar on the questions of the negligence of appellant in the construction of its roadbed, and the effect thereof in causing the overflow of appellee's land, that this case must be ruled by that on the propositions of law and fact bearing upon the questions above mentioned.

We shall only consider here the questions that were not presented in *St. Louis, I. M. & S. Ry. Co.* v. *Saunders, supra.*

Appellee introduced evidence tending to show the cost of planting and cultivating his crops up to the time they were destroyed. If this were error, it was cured by instruction as follows:

"6. You are instructed that if you find from the evidence that the plaintiff is entitled to recover in this action against the defendant for the destruction of his crops in his complaints, but that the crops were too young or immature to have a cash market value at the time of their destruction, then the measure of the plaintiff's damage would be a sum of money equal to the amount of the annual rental value of the lands upon which they were growing when destroyed, during the particular year such crops were growing when destroyed, with six per cent. interest from date of such destruction, as may be shown by the evidence in this case."

There was evidence on behalf of appellee tending to prove the total destruction of his crops at a time when they were so young that they had no market value, and yet when it was too late in the season to replant, cultivate and mature crops of the kind usually produced upon appellee's farm. The evidence tended to show that appellee by reason of the overflow was deprived entirely of the usable value of his land. That being the case, the court did not err in giving the above instruction on the measure of damages. The rental or usable value of the land was the proper criterion. 1 Sedgwick on Dam., § 184; *Chicago* v. *Huenerbein,* 85 Ill. 594. See *Willitts* v. *Chicago, Burlington & Q. R. Co.,* 2 L. R. A. 608. In the case of *Railway Company* v. *Yarborough,* 56 Ark. 612, the facts were different.

The instruction limited the amount to be recovered to the

rental value, which eliminated the evidence tending to show the cost of cultivating, etc. Therefore there was no prejudicial error in the admission of such evidence, even if it was incompetent, which we need not decide.

As there was evidence tending to show that the rental value was much greater than the amounts found by the jury, it can not be said that they increased the damages by a consideration of the above evidence, conceding that it was improper. The verdict was not excessive.

It is argued that the court erred in not permitting appellant to prove that other farms, both above and below the railroad, were overflowed and the crops destroyed. The proper foundation for such testimony was not laid by showing that at the time of the destruction of appellee's crops there was a general overflow from Terre Noir Creek of such a nature as to render the destruction of all crops inevitable, including appellee's, independent of the railroad. Such testimony of individual instances of overflow causing the destruction of crops was not competent without showing the inevitable character of the floods, and without showing that in the instances particularized the environments and conditions were the same or similar to those that surrounded appellee. No such proof was offered. The appellee, on the contrary, gave evidence of facts which proved that the overflows were not of that general and disastrous kind that would destroy the crops regardless of the railroad embankment. For he testified that three hundred acres of his land in Terre Noir bottom was subject to overflow, but that only on two hundred nearer the railroad was there a total destruction of his crops. The court did not err in rejecting the evidence offered. It would have been of a collateral nature and confusing to the jury. Gould on Waters, § 493; *Gulf, C. & S. F. Ry. Co.* v. *Locker,* 14 S. W. Rep. 611; *Hawks* v. *Charlmont,* 110 Mass. 110.

We find no error in the rulings of the court in giving and refusing requests for instructions.*

---

*The instructions mentioned in the opinion as having been given or refused were as follows:

"4. The jury are instructed that, to entitle the plaintiff to recover, he must show, by a fair preponderance of the evidence, that the defend-

The refusal to give the 4th (Reporter set forth in note) request was not error. This request was covered by the giving of the 3d and 6th prayers.

If it be conceded that it was error to refuse prayer 13th, the ruling, as we have already shown, was not prejudicial, because the verdict was not in any manner influenced by the expenses incurred in planting and cultivating the crops up to the time of their destruction. (Reporter set forth prayers referred to in note.)

The refusal to give prayer 17th was not error for the reason stated in passing upon the admissibility of evidence bearing upon the question raised by this request.

The judgment is therefore affirmed.

Battle, J., dissents.

---

ant, in building its railway, so obstructed or impeded the natural stream or flow of water by erecting across said stream and bottom in such a careless and unskillful manner, as to cause the same to overflow the plaintiff's land, thereby causing the damage complained of; and unless he has shown these facts by a preponderance of the testimony, your verdict must be for the defendant.

"3. The jury are further instructed that the cause of this action is charged to be the negligence and want of proper care and skill on the part of the defendant in constructing and maintaining its railway embankment across Terre Noir Creek; and although the jury may, from the evidence, find that plaintiff has suffered damages on account of his land overflowing, this is not sufficient in itself to entitle plaintiff to recover, but it must further appear from a fair preponderance of the evidence that such overflow and damage was directly and naturally caused by the negligence and improper construction of defendant's embankment across Terre Noir Creek and bottoms; and if the jury believe and find from the evidence that defendant did construct its embankment by skilled engineers, and that the work was done in a skillful manner, then the defendant would not be guilty of negligence, and would not be liable in this action, and your verdict should be for the defendant.

"6. You are instructed that the burden of the proof is upon plaintiff to show, not only that he was damaged, but the extent of his damages, and that it was caused by the negligence of the defendant; and if he has failed to show this by a fair preponderance of the evidence, or if the evidence is evenly balanced, or the preponderance is in favor of the defendant, then the plaintiff can not recover, and your verdict should be in favor of the defendant.

"13. The jury are instructed that the plaintiff can not recover for the value of the crops destroyed and for rent both.

"17. If the jury believe that crops immediately below the railroad were for the same years that plaintiff sues for destroyed by the same overflow that destroyed plaintiff's crop, they will find for the defendant." (Rep.)