JAMES THOMPSON, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED MAY 21, 1909. No. 15,624.

Railroads: DESTRUCTION OF CROPS: DAMAGES. Ordinarily the measure of damages for the destruction of growing crops is their value at the time and place of destruction, but in case of the destruction of a permanent or perennial crop, such as alfalfa, the measure of damages is the difference between the value of the land before and after the destruction of the crop.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Reversed with directions.*

*James E. Kelby, Byron Clark* and *Frank E. Bishop,* for appellant.

*George W. Prather, contra.*

LETTON, J.

This is an action for negligence. Three causes of action are set forth in the petition. The first is for damages caused by fire negligently started by an engine on defendant's right of way, which burned about ten acres of alfalfa belonging to the plaintiff, the second is for similarly burning some hay and fence, and the third cause of action is for damages to certain fields of corn in the years 1903, 1904 and 1905, respectively, which it is alleged were occasioned by successive floods caused by the negligent manner of construction of the railroad embankment by which flood waters were held back and caused to overflow the land.

1. There seems to be no contention as to the second cause of action, so it will be unnecessary to give it consideration. As to the first cause of action complaint is made that there was no proof that the engine caused the fire complained of. This objection does not appear to be very seriously argued in the brief. Two witnesses testi-

fied that they saw the fire just after it started and before it was off the right of way; that a freight train had just passed, and that it spread from the right of way to the alfalfa field. Other evidence clearly identifies the fire which burned the alfalfa as that which started on the right of way.

2. It is next urged that the court erred in permitting the plaintiff to prove the damages on account of the destruction of the alfalfa crop by showing the value of the land before the crop was burned and its value after the crop was destroyed, and in instructing the jury that the measure of damages for the loss of the alfalfa would be "the difference in the value of the land with the stand of alfalfa as proved immediately prior to its destruction and the value of the land at and immediately after the destruction of the alfalfa." The court was within the rule approved in *Morse v. Chicago, B. & Q. R. Co.*, 81 Neb. 745. There is a difference in conditions between an ordinary annual crop and a permanent crop, such as alfalfa, which justifies and requires a different rule in the measurement of damages, and we are of the opinion that a fair criterion of the damage suffered by the destruction of a good stand of alfalfa would be the difference between the value of the land with such crop standing and growing upon it and the same land without such crop. We see no error in this instruction. This case is very similar to *Anderson v. Chicago, B. & Q. R. Co.*, ante, p. 311, and several points argued by defendant as to the qualifications of witnesses and the competency of proof are covered by the opinion in that case.

3. As to the third cause of action, we are inclined to think that the complaint of defendant with reference to the manner of proving the damage to the corn crop is well founded. The plaintiff was permitted to show how much a matured crop of corn was worth an acre upon similar land in that locality in each year. In 1903 the corn was destroyed just as it was coming up; in 1904 it was destroyed before it had been cultivated, and the third year

it had been cultivated once before the flood. The proper measure of damages in such case is the value of the growing crop in the condition in which it exists at the time of its destruction. *Fremont, E. & M. V. R. Co. v. Harlin,* 50 Neb. 698; *Fremont, E. & M. V. R. Co. v. Crum,* 30 Neb. 70. No proof was offered to show the value of the crop at such time, the only evidence being as to the value of a matured crop of corn. The inquiry should have been directed to the value of the crop as it then stood. Under the rule stated in *Berard v. Atchison & N. R. Co.,* 79 Neb. 830, there was not sufficient competent evidence before the jury as to the value of the crop at the time of its destruction upon which to base a verdict. The value of a matured crop under like conditions on similar soil in the immediate locality might perhaps, in case the market value of the immature crop was difficult to prove, properly have been shown to the jury with other facts as a means of aiding them to reach a conclusion as to the value at the time of destruction, but this was the only evidence of value before the jury and was, therefore, misleading in its tendency.

A number of objections were made and overruled to questions relating to the manner in which the flood was caused, several of which were leading in their nature and seem objectionable. The answers to most of them were rambling and discursive in their nature, and neither questions nor answers are models of clearness and perspicuity in the use of language. They should not have been asked nor answered in such form; and, while we would not reverse the case if these were the only errors, at another trial the rules of evidence should be more strictly followed.

The jury made special findings as to the amount of damages upon each cause of action. The evidence being sufficient to sustain the verdict as to the first and second causes of action, the judgment of the district court is reversed and the cause remanded, with direction to render judgment on the special findings, as of the date of such

findings, in the first and second causes of action, with interest, and for further proceedings as to the third cause of action.

REVERSED.