BROWN v. ARKEBAUER.

Opinion delivered October 6, 1930.

*W. H. Dunblazier*, for appellant.

*E. D. Chastain*, for appellee.

BUTLER, J. The appellees were the owners of 2¾ acres of land planted in strawberries into which the cattle of the appellant, to the number of 150 or 200 head, were allowed to pasture, completely destroying the berries. Appellees brought suit in the court below and recovered the sum of $175 as damages. The appellant has duly prosecuted this appeal.

On a trial of the case the court refused to permit the introduction of testimony offered on the part of the appellant tending to show the condition of the fence around the berry patch for the reason that that territory was included in a fencing district created by order of the county court, in which order the running at large of cattle was prohibited. This ruling of the court is assigned as error, the contention being that the county court was without authority to make the order. The

attack made upon the validity of the order is a collateral one, and therefore, as the court had jurisdiction of the subject-matter, every presumption will be indulged in favor of the validity of the judgment. *Hopper* v. *Wist*, 138 Ark. 289, 211 S. W. 143. The court did not err in its ruling.

It is also contended that the court erred in the giving of instructions numbered one and two. Instruction No. 1 in effect told the jury that if the defendant (appellant) "permitted his cattle to go upon the berry patch" by reason of which damage resulted, they should find for the plaintiff (appellees) unless the plaintiff agreed to keep up the fences. This instruction was more favorable to the defendant than the pleading or proof warranted, for, as the territory was in the fencing district, it was the duty of the defendant to keep his cattle inclosed.

Instruction No. 2 related to the measure of damages which we will discuss in disposing of the contention made by the appellant that the evidence was not sufficient to sustain the verdict.

There was testimony to the effect that on or about the 5th day of May the berries appeared to be very promising, the plants having heavy foliage and buds, and the berries beginning to turn. The appellee who grew the berries testified that before they were destroyed by appellant's cattle the berries were beginning to ripen, and he was preparing to pick them the week following; that he had been in the berry business twenty-two years and that the patch would produce from 150 to 200 crates of berries on which he would clear $200. There was no objection made to the testimony as offered. There was no dispute as to the berries having been destroyed by appellant's cattle. Instruction No. 2 complained of told the jury that, if they found for the plaintiff, the measure of damages is the difference in the value of the berry patch before the damage and the value after the damage. Since the uncontradicted testimony showed the berries were completely destroyed, this instruction in

effect told the jury that the measure of damages was the value of the berries at the time of their destruction. It is contended that this instruction was incorrect on the authority of the case of *St. L. I. M. & S. R. Co.* v. *Saunders,* 85 Ark. 111, 107 S. W. 194, where it is held that in cases where crops are so immature when destroyed as to have no market value, the measure of damage is the rental value of the land. This contention cannot be upheld because under the proof in this case the berries were advanced to that state of maturity where picking would begin within a few days. That being the case, we think the crop sufficiently mature that those experienced in the growing and marketing of berries could approximate with a reasonable degree of certainty their value at the time of destruction and the measure of damages was such value. *Railway Co.* v. *Leyman,* 57 Ark. 512, 22 S. W. 170; *St. L. I. M. & S. R. Co.* v. *Hoshall,* 82 Ark. 387, 102 S. W. 107. The testimony, given relating to the value of the crop as we have seen, was sufficient to establish with a reasonable degree of certainty the damage and to sustain the verdict. The judgment is affirmed.