MISSOURI PACIFIC RAILROAD COMPANY *v.* BENHAM.

4-4098

Opinion delivered January 20, 1936.

*Thomas B. Pryor* and *W. L. Curtis,* for appellants.
*Rains & Rains,* for appellee.

BUTLER, J. Appeal from a verdict and judgment in favor of plaintiff against the defendant in an action for damages for the destruction of a meadow and pas-

ture by fire, and for personal injuries to the plaintiff suffered in an attempt to extinguish the fire.

The evidence, most favorably stated for the appellee relating to his first cause of action, is that he was the lessee of eighty acres of land on a year to year tenancy, which was used as a pasture and meadow. The fire was occasioned by sparks from a passing locomotive of the defendant company which ignited and destroyed the grass standing on the meadow and on that part of the land used for pasture. The fire occurred on July 24, 1934. A part of the 80-acre tract was devoted to meadow which would produce from 14 to 15 tons of hay. This, when mowed and baled, was worth approximately $12 per ton. On that part of the tract devoted to pasturage, the plaintiff kept from 20 to 28 head of cattle. The pasturage was of quantity and quality sufficient to sustain the cattle during the fall and winter. Then, after an interval of about a month in the late winter or early spring, the sustenance was sufficient for the cattle during the spring and summer months. In other words, the pasturage was sufficient to sustain from 20 to 28 head of cattle during the entire year with the exception of about one month.

In addition to the evidence related above, there was evidence introduced and allowed to go to the jury, over the objection and exceptions of the defendant, to the effect that the rental value of the 80 acres of land was worth from two to three hundred dollars per year according to the estimate of the several witnesses who testified on this subject and who were farmers residing in the vicinity. It was further in evidence that the meadow was rendered valueless for that year, and the pasturage was not restored so as to have any material value during the remainder of the year.

On request of the defendant, the trial court, in effect, gave an instruction to the jury as a measure of damage the usable value of the premises from the date of the fire until the land was restored to its condition immediately before its destruction.

The jury found, on this cause of action, for the plaintiff in the sum of $225. It is insisted by the defendant

that there was no competent proof offered at the trial based upon the rule for the measure of damages given by the court upon which to predicate the damages awarded by the jury, and that, in any event, the sum awarded is excessive.

It is difficult, if not impossible, to formulate a general rule applicable to all cases by which the measure of damage is defined for destruction of perennial crops, whether natural or artificial, because of so many and varying conditions which may affect the result this way or that. This court has experienced that difficulty. Because of the character of the meadow involved, the court, in *Ry. Co.* v. *Jones,* 59 Ark. 105, 26 S. W. 595, held that for its destruction by fire the damage was to be measured "by the cost of re-seeding it and its rental value from the time of its destruction until restored." The court had occasion to examine the same question in *St. Louis I. M. & S. Ry. Co.* v. *Hall,* 71 Ark. 302, 74 S. W. 293, where it held that, under the circumstances of that case the measure of damage to the meadow destroyed by fire was "the difference between the usable value of the land before and after the grass was burned down to the time of trial." In *Kansas City Southern Ry. Co.* v. *Wilson,* 119 Ark. 143, 171 S. W. 484, it was held that the measure of damage for burning of a parcel of land used as a pasture "would be the reasonable rental or usable value of the pasture for the remainder of that season."

Tested by the authority of these cases, the instruction requested and given for the defendant in the case at bar was not an accurate and complete declaration of law. For this reason, however, the defendant cannot complain. From our own cases and the great weight of authority, the correct rule for the measurement of damages in ordinary cases for the destruction of grass or other perennial plants used on lands for meadow or pasture seems to be this: The damage recoverable is the value of the grass or crop at the time of its destruction where no permanent injury is suffered to the soil by the destruction of the roots of the grass or plants. *Atlanta & B. Airline, etc.* v. *Brown,* an Alabama case, reported in

48 So. 73; *Risse* v. *Collins,* 12 Idaho 689, 87 Pac. 1006; *Evans* v. *Highland, etc. Co.,* 27 Utah 475, 76 Pac. 1135; *Byrne* v. *Minneapolis, etc., Co.,* 38 Minn. 212, 36 N. W. 339, 8 Am. St. Rep. 668; *International & G. N. R. Co.* v. *Saul,* 2 Willson, Civ. Cas. Ct. App. 612; *Thompson* v. *Chicago B. & Q. R. Co.,* 84 Neb. 482, 121 N. W. 443, 23 L. R. A. (N. S.) 310.

In arriving at the damage for the loss and destruction of meadows and pasture, the difficulty seems to arise not so much in the formulation of the rule as in the character of evidence admissible to prove the loss. But it would seem that any evidence which would tend to shed light upon this question is competent. The evidence relating to the rental value of the land necessarily is referable to the purpose for which the land is used and also the nature and character of the product of the soil, and where the land is used for a meadow or pasture, the amount of hay expected on the one hand or the number of animals deriving sustenance on the other, is proper for the consideration of the jury in determining the damage sustained from its loss.

In the instant case, as is said in *Kansas City S. Ry. Co.* v. *Wilson, supra:* "The jury had a right to take into the jury box with them their common sense and experience in the every day affairs of life," in connection with the testimony, adduced in determining the probable loss sustained by reason of the fire. Approximately five months remained of the year in which the fire occurred, during which time the plaintiff's cattle might have been sustained by the pasture, and from 14 to 15 bales secured. These facts, together with the testimony of experienced witnesses as to the annual rental value of the premises, in our opinion afford a substantial basis for the verdict of the jury and the judgment of the court. On this branch of the case therefore the judgment is affirmed.

On the second cause of action the evidence, stated most favorably for the plaintiff, is to the following effect: The 80 acres of land, which plaintiff had leased and which was damaged by the fire, was some distance from his residence. When notified of the fire and its

location, plaintiff hurried to the place where he found a number of men engaged in effort to extinguish the flame. Some of these men were members of the section crew of the defendant. The foreman, however, was not himself engaged in fighting the fire, and the plaintiff said to him that if the fire was not put out, it would burn the house (the house on the premises) and that he (plaintiff) believed that with some water and a sack he could put it out. The foreman answered saying that he could, too, if he were not sick, and, "if you (plaintiff) can, I believe the boys can fight it behind." Plaintiff's testimony was to the further effect that, while engaged in fighting the fire he became very hot and sick, and since that time he has been unable to do any substantial work. As to his physical condition, since the time of the fire, his testimony was corroborated by that of physicians and lay witnesses.

The basis of plaintiff's right to recover on this second alleged cause of action was that his personal injuries were sustained when he was an emergency employee of the defendant and that he became such by reason of the conversation he had with the foreman of defendant, the substance of which has been stated above. This contention is based upon the authority of *Booth & Flynn* v. *Price*, 183 Ark. 975, 39 S. W. (2d) 717, in which the rule is recognized and approved that where an unforeseen emergency arises, making it necessary in the employer's interest that his employee have temporary assistance, an implied authority arises for the employee to procure necessary help, and, that where one is so procured by the employee, he is entitled to the same protection as any other employee.

It is questionable whether the defendant's foreman procured the plaintiff's help in fighting the fire. From his own testimony it is to be gathered that his acts in relation to fighting the fire were at his own suggestion, and his subsequent conduct was on his own initiative to which the foreman merely assented. But, if he can be said to have been an emergency employee, he has neither alleged nor proved any negligence on the part of the foreman or any member of the section crew which was the

occasion of the "heat prostration" from the effects of which he still suffers. Plaintiff suggested and adopted his own method of fighting the fire, and proceeded with its execution according to his own judgment without dictation or interference by any of defendant's employees.

Defendant made no contention that the fire was not occasioned by sparks from its passing locomotive and there was no proof made as to the fire escaping from the locomotive because of any negligence on the part of defendant as it was liable for any damage by fire caused by the locomotive because of § 8569, Crawford & Moses' Digest, whether the fire was occasioned with or without negligence. If, however, it may be assumed that some negligent act or omission on the part of defendant resulted in setting out the fire, nevertheless there is no liability for the physical injuries plaintiff has suffered. It is well settled that, before liability can attach to anyone for a negligent act, it must be the proximate cause of the resulting injury and one which, in the light of attendant circumstances, a person of ordinary foresight and prudence could have anticipated. *St. Louis, I. M. & So. Ry. Co.* v. *Bragg,* 69 Ark. 402, 64 S. W. 226; *Arkansas Valley Trust Co.* v. *McIlroy,* 97 Ark. 160, 133 S. W. 816.

It was the duty of plaintiff to use reasonable efforts to himself extinguish the fire and thus minimize his damage; if, in doing so, he was intemperate and injury to himself occurred, it was his own fault and a consequence which could not have been reasonably foreseen from the negligent act, if any, of the defendant in allowing fire to escape from its locomotive. In other words, it was his own act which was the active intervening cause directly producing the injury and not the original alleged negligent act of defendant. See cases cited *supra,* and *Gage* v. *Harvey,* 66 Ark. 68, 48 S. W. 898; *Seale* v. *Gulf, etc., Ry. Co.,* 65 Tex. 274, 57 Am. Rep. 602; *Cook* v. *Johnson,* 58 Mich. 437, 55 Am. Rep. 703; *Logan* v. *Wabash, etc., Co.,* 96 Mo. App. 461, 70 S. W. 735; *Light & Power Co.* v. *Hodges,* 109 Tenn. 331, 70 S. W. 616, 60 L. R. A. 459.

It follows from the views expressed that the verdict of the jury allowing the plaintiff the sum of $200 for

his personal injuries, and the judgment of the trial court based thereon, is reversed, and that cause is dismissed. The judgment for $225 for injury to the meadow and pasture is affirmed.