FARM BUREAU LUMBER CORPORATION *v.* McMILLAN.

4-8233                                          203 S. W. 2d 398

Opinion delivered June 30, 1947.

*Sidney J. Reid* and *Rowell, Rowell & Dickey,* for appellant.

*Curtis Duvall,* for appellee.

ED. F. McFADDIN, Justice.   An instruction, concerning the measure of damages for the destruction of a hay crop, is claimed to be erroneous.

The landowner, McMillan (appellee), brought action against the Farm Bureau Lumber Corporation (appellant) for damages for the alleged destruction of a "20-acre meadow . . . which could have been harvested at a profit of $20 per ton."   Damages for $400 were claimed.   The jury verdict was for $300.   McMillan claimed that his meadow had been planted to lespedeza in 1945, and that the lespedeza reseeded itself in 1946, and would have produced a crop of hay, except that, in late April or early May of 1946, cattle (trespassing because of appellant's alleged negligence) consumed and otherwise destroyed the growing hay crop.   He testified

that the fair cash market value of the crop at the time the hay was destroyed was $400. Other witnesses testified how much the hay crop would have been, except for the destruction thereof by the cattle. The trial court gave plaintiff's instruction No. 4, which reads, in part: "If you find from a preponderance of the evidence that the hay meadow was destroyed as alleged in plaintiff's complaint the measure of damages would be the actual cash value of such hay meadow at the time of its destruction . . . "

Defendant (appellant) offered a general objection to the above instruction; and the giving of this instruction No. 4 is the only point argued on appeal. The appellant has this statement in its brief: " . . . all errors allegedly committed by the court below in the trial of this cause are now waived by the appellant except the instructions given by the court below as to the measure of damages to appellee's hoped-for hay crop, . . . " This quoted statement—as well as the failure to argue any other points in the brief—constitutes an express waiver of all other assignments. See *Plunkett-Jarrell Grocer Co.* v. *Freeman,* 192 Ark. 380, 92 S. W. 2d 849, and cases there cited. We proceed therefore to consider this one point.

To support the correctness of the instruction No. 4, as given by the trial court, appellee cites and relies on these cases: *Mo. Pac. R. Co.* v. *Nichols,* 170 Ark. 1194, 279 S. W. 354; *Railway Co.* v. *Lyman,* 57 Ark. 512, 22 S. W. 170; *St. L. I. M. & S. Ry. Co.* v. *Hoshall,* 82 Ark. 387, 102 S. W. 207; *Railway* v. *Yarborough,* 56 Ark. 612, 20 S. W. 515; *L. R. & F. S. Ry. Co.* v. *Wallis,* 82 Ark. 447, 102 S. W. 390; *Brown* v. *Arkebauer,* 182 Ark. 354, 31 S. W. 2d 530; *Mo. Pac. R. Co.* v. *Benham,* 192 Ark. 35, 89 S. W. 2d 928. To support its contention that instruction No. 4 was erroneous, appellant cites and relies on these cases: *St. L. I. M. & S. Ry. Co.* v. *Saunders,* 85 Ark. 111, 107 S. W. 194; *Dilday* v. *David,* 178 Ark. 898, 12 S. W. 2d 899; *Lamkins* v. *International Harvester Co.,* 207 Ark. 637, 182 S. W. 2d 203.

Under the facts in this case we hold that the instruction given by the trial court was not erroneous, since: (1) there was no proof of injury to the land, but only proof as to the injury to the hay crop, and (2) witnesses testified as to the fair cash market value of the hay at the time of its destruction, and (3) it was shown that the hay crop was then actually growing and had a value. What Mr. Justice BUTLER said in *Mo. Pac. R. Co.* v. *Benham, supra,* is apropos:

"From our own cases and the great weight of authority, the correct rule for the measurement of damages in ordinary cases for the destruction of grass or other perennial plants used on lands for meadow or pasture seems to be this: The damage recoverable is the value of the grass or crop at the time of its destruction where no permanent injury is suffered to the soil by the destruction of the roots of the grass or plants. *Atlanta & B. Airline, etc.,* v. *Brown,* an Alabama case, reported in 158 Ala. 607, 48 So. 73; *Risse* v. *Collins,* 12 Idaho 689, 87 Pac. 1006; *Evans* v. *Highland, etc., Co.,* 27 Utah 475, 76 Pac. 1135; *Byrne* v. *Minneapolis, etc., Co.,* 38 Minn. 212, 36 N. W. 339, 8 Am. St. Rep. 668; *International & G. N. R. Co.* v. *Saul,* 2 Willson, Civ. Cas. Ct. App. 612; *Thompson* v. *Chicago, B. & Q. R. Co.,* 84 Neb. 482, 121 N. W. 447, 23 L. R. A. (N. S.) 310."

In addition to the cases and texts cited in the above quotation, attention is also called to the following: *L. R. & F. S. R. Co.* v. *Wallis, supra; Railway Co.* v. *Yarborough, supra; Crumbley* v. *Guthrie,* 207 Ark. 875, 183 S. W. 2d 47; Annotations on "Measure of Damages for Destruction of Perennial Crop" in 23 L. R. A., N. S. 310 and 37 L. R. A., N. S. 976; and see, also, 15 Am. Juris. 258 and 260.

The case of *St. L. I. M. & S. Ry. Co.* v. *Saunders, supra,* most strongly relied on by appellant, inferentially points out the distinction between the "annual rental value of the land" and the "fair cash market value of the crop" (as announced in *Railway* v. *Yarborough, supra,* and given by the trial court in the case at bar):

954

if the total destruction of the crop was at a time when the crop was too young to have a market value and when it was too late to plant another crop, then the "rental value of the land" is the rule that governs; but if the destruction of the crop was at a time when the market value could be determined, then the "market value of the crop" is the rule to govern. This distinction is directly made in *Brown* v. *Arkebauer, supra*. In the case at bar there was proof that the hay was growing and had a market value, so the giving of instruction No. 4 was not erroneous.

On the assignment argued, we affirm the judgment of the circuit court.