ROGERS *v.* STILLMAN.

5-421                                    268 S. W. 2d 614

Opinion delivered June 7, 1954.

*Sid J. Reid,* for appellant.

*Ed F. McDonald,* for appellee.

Minor W. Millwee, Justice. Appellant, L. H. Rogers, and appellee, A. G. Stillman, own adjacent livestock farms in Grant County. Appellee brought this action against appellant to recover damages which he allegedly sustained in the sum of $1,000.00 on account of the destruction of a hay meadow, corn crop and fences by appellant's cattle which were knowingly allowed to run at large along a public highway in the vicinity and broke into appellee's fenced fields. Trial resulted in a verdict and judgment in favor of appellee for $400.00.

For reversal it is first insisted that the trial court erred in refusing to direct a verdict in favor of the appellant. It is contended that the verdict is based on speculation and conjecture, and that there is a total lack of evidence to prove the cash value of the crops destroyed or to "prove the measure of damages involved." It is undisputed that appellant, before and since the trespass complained of, has allowed his cattle to run at large along a public road that divides the two farms. Appellee offered testimony showing that he caught 15 or 16 head of appellant's cattle in his field after he had notified appellant that said cattle were eating up his crops. He succeeded in corralling seven of the cattle and pointed out to appellant the damage done when the latter claimed and accepted the cattle. Appellee and others testified that the cattle destroyed a sudan grass hay meadow which was fully matured and would make 900 to 950 bales of hay. They further testified that said hay meadow had a cash value of $600.00 at the time it was destroyed. They also testified that 2½ acres of corn were destroyed which would have produced 60 to 65 bushels and that a pasture and fences were damaged in the sum of approximately $275.00. This testimony was admitted without objection. Appellant did not deny that his cattle damaged appellee's crops but insisted that appellee's fences were in bad repair. He first stated that appellee's meadow consisted of unmatured Johnson grass, but later testified

that some of it was mature and "had done headed." He thought sudan grass hay was only worth 50¢ a bale while appellee's witnesses testified it was worth 75¢ to $1.25 per bale.

Both parties rely on the case of *Farm Bureau Lumber Corp.* v. *McMillan,* 211 Ark. 951, 203 S. W. 2d 398, where a judgment for damages was affirmed upon testimony similar to that adduced in the instant case. It is true that in the case at bar, as in that one, there was no direct proof as to actual cost of gathering and marketing the damaged hay crop. However, the witnesses in both cases testified that the hay was growing and had a certain value at the time it was destroyed. Appellee's witnesses testified that the growing hay crop here had a cash value of $600.00 at the time of its destruction. In addition, 2½ acres of corn were destroyed and a pasture and fences were damaged in the amount of $275.00, according to appellee's witnesses. In determining the extent of the loss the jury had a right to take into the jury box with them their common sense and experience in the every day affairs of life. See *Missouri Pacific Railroad Co.* v. *Benham,* 192 Ark. 35, 89 S. W. 2d 928, and cases there cited. In our opinion the testimony offered by appellee was sufficient to sustain the verdict of $400 and the trial court correctly refused to direct a verdict for appellant.

It is next contended that the court erred in giving the following instruction over the general objection of the appellant: "You are instructed that it is a violation of law, in this State, for an owner of livestock to allow said stock to run at large along or upon the public highways of this State. If you find from a preponderance of the evidence that the defendant allowed his stock to run at large along or upon the public highways and that they damaged plaintiff's property then you are told that this is a circumstance which you may consider along with all the other facts and circumstances in the case in determining whether the defendant is liable." This instruction is based on Initiated Act No. 1 of 1950 (Acts 1951, p. 1013), which made it a misdemeanor for the owners of

782

cattle and certain other livestock to allow them to run at large on any public highway in the State. The instruction .is unambiguous and correctly states the law. We have frequently held that, while the violation of a statute does not constitute negligence *per se,* it is evidence of negligence which the jury may consider, along with the other facts and circumstances, in determining the negligence or non-negligence of the defendant. *Mays* v. *Ritchie Grocer Co.,* 177 Ark. 35, 5 S. W. 2d 728; *Gill* v. *Whiteside-Hemby Drug Co.,* 197 Ark. 425, 122 S. W. 2d 597. There was no error in the giving of the instruction.

There was also a general objection to Instruction No. 2 requested by plaintiff and given by the court. This instruction defined a public highway. Although appellant says the instruction was prejudicial and misleading, there is no contention that the definition given is incorrect. Since there was no error in the giving of Instruction No. 1, it was entirely proper for the court to define ''public highway.''

It is also argued that other instructions given at appellee's request were inherently erroneous because they were based on said Initiated Act No. 1. Appellant has not pointed out such error nor do we find it.

Affirmed.