OTTO THRESS, Respondent, v. F. W. ZEMPEL, Appellant.

(169 N. W. 79.)

**Mortgagee in possession — real property — insurance on — obtained by mortgagee — premium paid by — charged to rents and profits of property — loss by fire — insurance paid by draft to both parties — suit by plaintiff to recover — trial — verdict — should have been directed for plaintiff.**

As a mortgagee in possession of a livery barn, defendant insured it for $1,000, charging the premiums paid to the rents and profits of the barn. For the loss of the barn by fire, defendant received a draft for $1,000 payable to himself and the plaintiff, the owner of the property. Under the facts presented,

it is *held* that the trial court should have directed a verdict for the plaintiff for the insurance.

Opinion filed July 19, 1918. Rehearing denied September 24, 1918.

Appeal from an order of the District Court of Stark County.

Defendant appeals.

Affirmed.

*Jacobsen & Murray,* for appellant.

In an action for money had and received it is essential that plaintiff prove that the defendant actually received the money. 27 Cyc. 860; Borroughs v. Peterson (Utah) 114 Pac. 758; Abbott, Trial Ev. 2d ed. p. 337.

"The action for money had and received will not lie against a party into whose hands the money is not shown to have come." Whittier v. Home Sav. Bank (Cal.) 119 Pac. 92; Hoyt v. Paw Paw Grape Juice Co. (Mich.) 123 N. W. 529; J. C. LeClair Co. v. Rogers-Rogers Co. (Wis.) 102 N. W. 346.

"Although trial courts are vested with a large discretion in granting or refusing new trials, such discretion is a legal discretion, and appellate courts will not hesitate to interfere for the protection of litigants in a clear case of abuse of such discretion." Olson v. Riddle, 22 N. D. 144, 132 N. W. 655.

An insurance policy is a personal contract between the insured and the insurer, and not a contract which in any sense runs with the property, and the insurance money is generally payable to the insured without regard to the nature and extent of his interest in the property, provided he had an insurable interest at the time of making the contract and at the time of loss. 19 Cyc. 883; McLaughlin v. Park City Bank (Utah) 63 Pac. 589; Anderson v. Quick (Cal.) 126 Pac. 871; 19 Cyc. 663–884; Ryan v. Adamson (Iowa) 10 N. W. 287; Nordyke & Marmon Co. v. Gery (Ind.) 13 N. E. 683; Johnson v. Northern Minn. Land & Inv. Co. (Iowa) 150 N. W. 596; Imperial Elev. Co. v. Bennett (Minn.) 149 N. W. 372.

The defendant makes no claim of offset against the rents and profits of the amount he paid as premium for the insurance. There is nothing of this nature in the answer. Comp. Laws 1913, § 7762.

The defendant in an action is not bound by matters extraneous to the issues, and a finding by the court on such extraneous matter is merely surplusage, and not binding on anyone. Sobolisk v. Jacobson (N. D.) 69 N. W. 46; Bank of Visalia v. Smith (Cal.) 81 Pac. 542; Lillis v. Emigrant Ditch Co. (Cal.) 30 Pac. 1108; House v. Lockwood (N. Y.) 33 N. E. 595, 23 Cyc. 1317.

Redemption must be made within one year from date of sale. Comp. Laws 1913, § 7754.

The law governing accounting · actions does not give the court the right to extend the time of redemption. It is the statute, and not the act of the court, that gives the extension of time. The court has no jurisdiction beyond the limits of the statute. Little v. Worner, 11 N. D. 382, 92 N. W. 456.

The time in which to move for a new trial was not extended by the court. Therefore, after the expiration of such time, the court had no authority to grant a new trial. Comp. Laws 1913, § 7664.

W. F. Burnett and Thomas H. Pugh, for respondent.

Appellant now claims that he did not receive the insurance money and therefore this suit cannot be maintained, because an action for money had and received will not lie unless the party sued actually received the money. That appellant, even though the money was placed in the bank and to his credit, did not receive the actual money. The proof shows the receipt of the money, and it was not questioned on the trial, but raised for the first time in this court. McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243; VanGorden v. Goldamer, 16 N. D. 323, 114 N. W. 609; Poirier Mfg. Co. v. Kitts, 18 N. D. 556, 120 N. W. 558; Golden Valley Land Co. v. Johnstone, 21 N. D. 97, 128 N. W. 690; Allen v. Cruden, 34 N. D. 166, 157 N. W. 974.

The case must come to this court and here be presented on the same theory upon which it was tried in the lower court. DeLaney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499; Jackson v. Sabie (N. D.) 161 N. W. 722; Victor Produce Co. v. C. & N. W. R. Co. (Minn.) 160 N. W. 201; 3 C. J. 689, § 580.

The former judgment has never been attacked or assailed. The court had jurisdiction over the parties and over the subject-matter. Even though it may be irregular as to form or erroneous as to the law, it is conclusive, so long as it remains unreversed and in force, and it can-

not be impeached collaterally. 23 Cyc. 1090; 15 R. C. L. p. 859, §§ 334–337, 339; 10 N. D. 440, 87 N. W. 977; St. A. & D. Elev. Co. v. Marineau, 30 N. D. 425, 153 N. W. 416; 23 Cyc. 1095, and cases cited in notes; Black, Judgm. 2d ed. § 261.

Having charged the premium to his pledgeor and having received payment therefor, the appellant was in the position of a trustee for his pledgeor, holding the money arising from the loss for the benefit of the pledgeor, for whose benefit he would be adjudged to have continued the insurance in force. 27 Cyc. 1263.

A motion for a new trial is addressed to the sound judicial discretion of the court, and its ruling in granting a new trial will not be disturbed on appeal, unless the court manifestly abused that discretion. Where a new trial has been granted the supreme court will be reluctant to reverse the lower court. Keystone Grain Co. v. Johnson, 165 N. W. 977; First National Bank v. Davidson, 36 N. D. 1, 161 N. W. 281; Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Blackerby v. Guinther, 34 N. D. 248, 158 N. W. 354; State v. Cray, 31 N. D. 67, 153 N. W. 425; McGregor v. Gt. Northern R. Co. 31 N. D. 471, 154 N. W. 261; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419.

ROBINSON, J. This is an action to recover $700 for money had and received. The answer is a general denial. The jury found a verdict for defendant. The court made an order granting a new trial, and defendant appeals.

In July, 1912, Otto Thress being the owner of lots 4 and 5 in block 1 of New England, contracted to sell and convey the same to C. N. Murphy for $900. In August, 1912, to secure $156.50, Murphy transferred the contract to defendant. He obtained a judgment of foreclosure under which sale was made, and he bid in the title and interest of Murphy for $261.93, subject to redemption within one year. Zempel at once took possession of the lots and the large livery barn, which he insured for $1,000. And in an action for an accounting between Murphy and Zempel, the insurance premiums were charged and allowed against the rents and profits of the lots and barn. The court found that the reasonable rent and value of the premises was $300; that for repairs defendant had expended $15, and for insurance $98.90, making in all $115.10, which left to the credit of Murphy a balance of

40 N. D.—33.

$186.10 to apply on the sum necessary to redeem. Then Murphy as-- signed to the plaintiff his contract of purchase and all his title and interest in the premises.

On December 10, 1917, pursuant to judgment of the district court, Otto Thress paid the sheriff who made the sale $143.09, with interest at 12 per cent from the date of the sale, and obtained from the sheriff a certificate of redemption. · In the accounting suit of Murphy v. Zempel, no appeal was taken from the judgment which was duly given two years prior to the trial of this action, and hence it is final and conclusive.

The barn was burned and defendant received insurance to the amount of $1,000 from which he paid Otto Thress $300, and put the balance of $700 to his own credit in his bank. Defendant now claims that he never actually received the $700 and never had it in his possession, and that he is the owner and entitled to the $700; but, as the trial court justly found, the plaintiff, Otto Thress, is the owner of the premises, owning both the fee to the real estate and having taken up the outstanding contract against the premises, made redemption, paid the money to the sheriff. He paid the insurance premiums, and defendant, Zempel having no interest in the property at the time of the fire, Thress, having borne the burden of the insurance premium, is entitled to the insurance money. He is entitled to receive from defendant $700, with interest at 6 per cent from the time he received the draft for the same. In the brief of counsel for defendant it is said: The court greatly abused its discretion in granting a new trial because the undisputed evidence shows that defendant never actually received the money, and that defendant was the owner and entitled to the money. But that is just the reverse of truth. For the insurance loss the defendant received a draft for $1,000 payable to the order of himself and the plaintiff. He gave the plaintiff $300 and put $700 to his own credit in his bank when he had no shadow of an honest claim to the money. He had sustained no loss. He was not the owner of the barn that was burned.

On the record and the undisputed evidence the case presented no question of fact to submit to the jury. The court should have directed a verdict in favor of the plaintiff or allowed the motion for judgment notwithstanding the verdict.

Order affirmed and case remanded for proceedings in accordance with this decision.