OTTO THRESS, Respondent, v. F. W. ZEMPLE, Appellant.

(9 A.L.R. 1, 174 N. W. 85.)

**Appeal and error — new trial — §§ 7643 and 7844, C. L. 1913, construed.**

1. Upon an appeal from an order granting a new trial where the entire record is before the court and the question involved is the sufficiency of the evidence to justify the verdict rendered, the supreme court, under §§ 7643 and 7844, Comp. Laws 1913, has authority to order a judgment in favor of the party entitled thereto pursuant to his motions made therefor, even though such party has not appealed from such order.

**Appeal and error — directed verdict — order of trial court.**

2. Upon such appeal (Thress v. Zemple, 40 N. D. 510) where it appears that this court held that as a matter of law, the respondent, upon the record, was

entitled to a directed verdict or to judgment *non obstante*, and in its mandate to the trial court, directed that the case be remanded for further proceedings in accordance with the opinion rendered, it is *held* that the trial court did not err in directing and causing to be entered a judgment *non obstante* in favor of the respondent.

**Judgment — motion to vacate — duty of trial court under Moratorium Act.**

3. Upon a motion made to vacate such judgment so rendered, upon the ground that at the time of the rendition thereof the appellant was in the active military service of the Federal government, and it so appearing upon the hearing of such motion, it was the express duty of the trial court pursuant to chap. 10 of the Special Session Laws, N. D. 1918 (the Moratorium Act), to vacate such judgment, and not to take any further proceedings in such action during the time our government is engaged in the present war and for an additional period of one year, except pursuant to the provisions of said Moratorium Act.

Opinion filed June 30, 1919. Petition for rehearing denied September 8, 1919.

Appeal from judgment entered in District Court, Stark County, *Crawford,* J., for the plaintiff, and from an order refusing to vacate the same.

Reversed.

*Jacobsen & Murray,* for appellant.

When the remittitur says, "Order affirmed and case remanded for further proceedings," it means that the order of the lower court granting new trial is upheld, and that the case must be retried in lower court. 4 C. J. 1113, § 3095; Schumacher v. G. N. R. Co. 23 N. D. 231; Comp. Laws 1913, §§ 7643, 7844; Cahn v. Tootle (Kan.) 48 Pac. 919; Ball v. Rankin (Okla.) 101 Pac. 1105.

The court cannot consider matters not properly before it. 4 C. J. 1112–1114; Cooper v. Disbrow (Iowa) 76 N. W. 1013; Bank of National City v. Johnston (Cal.) 60 Pac. 776; Mathes v. Imperial Acci. Asso. (Iowa) 81 N. W. 484; Pace v. Heinley (Iowa) 52 N. W. 124; McWhirter v. Crawford (Iowa) 73 N. W. 1021.

A decision is the law of the case as to the questions presented only. Where the supreme court on appeal did not discuss and determine a question, the question could be litigated and determined on a subsequent trial. Oakland v. Oakland Water Front Co. (Cal.) 124 Pac. 251; 4 C. J. 1148, 1212, §§ 3155, 3264.

*Thos. H. Pugh & Otto Thress,* for respondent.

The plaintiff could not appeal; it is only when there is a denial of a motion for new trial coupled with a motion for judgment that an appeal would lie to the moving party. Turner v. Crompton, 25 N. D. 134, 141 N. W. 209; Stratton v. Rosenquist, 37 N. D. 116, 163 N. W. 723.

BRONSON, J. This is an appeal from a judgment rendered October 7, 1918, and from the order refusing to vacate the same. The action, originally commenced in March, 1914, was tried in December, 1915, before a jury, and, pursuant thereto, judgment was rendered for the defendant in December, 1916. Thereafter, in June, 1917, upon a motion made for judgment *non obstante*, or, in the alternative, for a new trial, the trial court granted a new trial. Thereupon, the defendant appealed from such order, and in the month of September, 1918, this court in its opinion (40 N. D. 510, 169 N. W. 79) held that the trial court should have directed a verdict for the plaintiff, or allowed the motion for judgment notwithstanding the verdict.

In the latter part of such opinion it is stated: "Order affirmed and case remanded for proceedings in accordance with this decision."

After the remittitur was filed, the trial court, following this court's opinion and deeming that a new trial would not result otherwise than in plaintiff's favor, ordered judgment in favor of the plaintiff. Judgment was so entered in October, 1918. In November, 1918, the defendant made a motion to vacate such judgment upon the ground that he was entitled to a new trial under the mandate of this court, and upon the further ground that, the defendant being in the active military service of the United States at the time of the rendition of such judgment, the Moratorium Act (Sp. Laws 1918, chap. 10) applied. Accordingly, the defendant has again appealed to this court from the order refusing to vacate such judgment. The appellant contends that neither the mandate nor the remittitur directed the trial court to enter such judgment, and that such court had no jurisdiction to so do. That the effect of the trial court's action is to grant to the respondent a greater relief than he secured in the trial court upon a matter concerning which he did not appeal, and upon a subject-matter that was not before this court for consideration. These contentions involve the construction to be placed upon the former decision of this

court and the right of this court to direct, and the trial court to enter, a judgment *non obstante,* where an appeal has been taken only from an order granting a new trial.

It is clear that this court determined in its opinion upon the former appeal (40 N. D. 510, 169 N. W. 79) that the plaintiff, as a matter of law upon the record, was entitled to a directed verdict or to judgment *non obstante.* If any lack of clarity exists as to the meaning of such decision, it is found only in the last paragraph thereof, which states that the order is affirmed and the case remanded for proceedings in accordance with the decision. If such last paragraph had stated in words, "it is therefore ordered that judgment be entered in the trial court for the plaintiff in accordance with this decision," there would be no difficulty whatsoever in apprehending exactly what this court intended to do. There can be little question, upon the plain language of the opinion, that it did so intend.

Under § 7643, Comp. Laws 1913, this court is granted the specific power, upon an appeal from an order granting or denying a motion for a new trial in an action where a motion is made by either party at the close of the case to direct a verdict, to order and direct a judgment in favor of the party who was entitled to have such verdict directed in his favor. See Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 36, 156 N. W. 234; Schumacher v. Great Northern R. Co. 23 N. D. 231, 136 N. W. 85. Such motion for a directed verdict was made in this case. Under § 7844, Comp. Laws 1913, this court, upon an appeal from a judgment or order, may reverse, affirm, or modify the judgment or order, and in all cases this court shall remit its judgment or decision to the court from which the appeal was taken, to be enforced accordingly.

The appellant, upon the former appeal, appealed from an order granting a new trial. He brought up for review before this court the entire record. He questioned the sufficiency of the evidence to warrant such order. He contended that no new trial should be granted. The trial court did grant a new trial upon the ground that evidence was insufficient to warrant the verdict rendered. This court necessarily considered the sufficiency of such evidence which the trial court considered in connection with the motion for the new trial, involving therein also the motions made for a directed verdict and for judgment

*non obstante.* This court upon such former appeal did determine that as a matter of law, upon the record, no new trial should be granted, and that the motion for a directed verdict or for judgment *non obstante,* in favor of the plaintiff, should have been granted by the trial court. The opinion of this court in the former case is not now in question. The appellant now contends for a new trial pursuant to that opinion.

Plainly his contention must be denied. The court possessed the power to so order judgment for the respondent even though he contended simply for a new trial. Comp. Laws 1913, § 7643. It did, in fact, exercise such power, apparently deeming it to be a useless legal ceremony to remand this case for a new trial when such action would be futile and would simply serve to prolong litigation.

The appellants further contend that under the Moratorium Act the trial court in any event should have vacated the judgment for the reason that at the time the defendant was engaged in the military service of the United States. Under chap. 10, N. D. Sp. Laws 1918 (the Moratorium Act), it is specifically provided, under § 1 thereof, that no further proceedings shall be taken in any action that was pending at the time the act took effect, in which any person who is in the active military service of the United States is a party, over the objection of such party, his attorney or any person interested in his behalf. Under § 3 thereof it is provided that any proceeding taken against any such person shall be vacated and declared void as a matter of course upon proper application to vacate the same. The respondent, in his brief, suggests to this court that if the trial court transgressed the terms of the act it was done unwittingly, and that proper safeguards have been ordered, in that the trial court has directed that no proceedings be had for the enforcement of the judgment until the further order of the court. In the record it appears that the defendant was inducted into the military service, in the month of February, 1918, and ever since that time, up to the 25th day of November, 1918, when the affidavit was made, has been in the active military service of the United States. The act is explicit and direct in its terms. It must be given effect in accordance with its express terms. In this action a judgment was likewise rendered against the garnishee. Apparently no showing was made to the trial court under the provisions of § 4 of the Moratorium Act, providing for the giving of a bond, and the taking of property when

the court should so order upon the grounds stated in said § 4. The trial court accordingly erred in not vacating the judgment pursuant to the terms of the Moratorium Act. It is therefore ordered that the order of the trial court be reversed and the judgment be vacated, and that no further proceedings be taken in such action during the time the United States is engaged in the present war, and for an additional period of one year, unless otherwise ordered by the trial court pursuant to the terms of such Moratorium Act. The appellant will recover the costs in this court of this appeal.

GRACE, J. I concur in the result.

ROBINSON, J., (dissenting). In this case a former appeal was heard and decided on July 10, 1918. A motion for rehearing was denied September 24, 1918 (40 N. D. 510, 169 N. W. 79). The court held thus: "On the record and undisputed evidence the case presents no question of fact to submit to a jury. The court should have directed a verdict in favor of the plaintiff or allowed the motion for judgment notwithstanding the verdict." That was a direction to the trial court to enter judgment in favor of the plaintiff. Hence, on filing the remittitur, judgment was entered in accordance with the decision of this court. On October 2, 1918, a notice of taxation of costs was duly served on defendant's attorney, which appears by his written admission. He appeared and filed written objections to the taxation of the cost of printing the brief. Then, on November 14, 1918, defendant's attorneys served notice of a motion to vacate the judgment on the ground that the court had not jurisdiction to enter the same without a new trial. Subsequently, defendant added in pencil another cause to wit, "that at the time of the entry of judgment herein defendant was in the United States Army," and on December 27, 1918, at the time of the hearing of the motion, there was filed an affidavit by Mr. Murray, "that in February, 1918, defendant was drafted into military service of the United States, and that at all times since then he has been, and still is, in the military service of the United States at Camp Lewis, in the state of Washington, as appears from a letter written by defendant dated November 18, 1918." The court made an order denying the motion to vacate the judgment and directing that execution from the

judgment be suspended for the period of one year after peace has been declared. Thus the court gave defendant the full benefit of the Moratorium Statute, though defendant did not ask for it in the original notice of motion, and though he did not claim the same at the time of the taxation of costs. Now the law does not require idle acts, and surely an order that the judgment be set aside and reinstated after the lapse of the year would have been an idle act, imposing costs on the defendant.

The statute provides that no action for the recovery of any indebtedness against any person in the military service of the United States shall be maintained during the time the United States is at war, and for an additional period of one year, and that during such time no further proceedings shall be taken in any action that is pending against the party, *over the objection of such party or his attorney,* nor shall any judgment against such person be enforced against him or his property during such period. In the opinion of the writer the act is void because it *impairs the obligations of contracts* and because the subject of the act is not expressed in its title. The title is: "An Act Regulating Civil Rights of Members of the Military and Naval Establishments of the United States Engaged in the Present War." Now the word "civil" is from "civis," a citizen, and civil rights mean the rights of citizens, and not an exemption from due process of law. But in this case there is no reason to pass on the constitutionality of the act. It does not debar anyone who is in the Army from voluntarily appearing in court and contesting his rights to property. In this case the defendant appeared and contested his claim to $700, which was garnisheed, and the real purpose of the appeal was to contest that right or claim. It was to give defendant a further opportunity to contest his right to the money. Now the statute does not provide that any court must take judicial notice of the fact that any person is in the active military service, or by reason of such service deny him the right to prosecute or defend an action. It does provide that no proceeding in an action shall be taken against him over his objection on the ground that he is in the active military service, but when this case was before the court no such objection was made. When defendant appeared and contested the taxation of costs, no such objection was made. When defendant gave notice of motion to set aside the judgment, no such objection was

made. It was not made until December 28, 1918, when the motion was submitted to the court and decided, and then the court made its order giving defendant the full benefit of the statute. Now to say that the judgment must be vacated, with directions to reinstate the same after the lapse of a year, that would be ridiculous and absurd,— and it would be an idle act. If the judgment as entered by the district court should be held void, then, for the same reasons, the judgment of this court on the former appeal should be held void.

Furthermore, the Moratorium Act is void because it conflicts with the provision that no state shall pass any law impairing the obligation of contracts. The decisions of the United States Supreme Court do establish this rule: "The obligation of a contract in the constitutional sense is the means provided by law by which it can be enforced,—by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. If it tends to postpone or retard the enforcement of the contract the obligation of the latter is to that extent weakened." Louisiana v. New Orleans, 102 U. S. 206, 26 L. ed. 133; Planters' Bank v. Sharp, 6 How. 301, 12 L. ed. 447; Edwards v. Kearzey, 96 U. S. 600, 24 L. ed. 796; Barnitz v. Beverly, 163 U. S. 118, 41 L. ed. 93, 16 Sup. Ct. Rep. 1042.

"The obligation of a contract . . . is that duty of performing it. . . . And if the law is so changed that the means of legally enforcing this duty are materially impaired, the obligation of the contract no longer remains the same." Curran v. Arkansas, 15 How. 319, 14 L. ed. 712; Seibert v. Lewis (Seibert v. United States) 122 U. S. 284, 30 L. ed. 1161, 7 Sup. Ct. Rep. 1190; Bronson v. Kinzie, 1 How. 311, 11 L. ed. 143; McCracken v. Hayward, 2 How. 612, 11 L. ed. 399; Gantly v. Ewing, 3 How. 707, 11 L. ed. 794; Butz v. Nuscatine, 8 Wall. 583, 19 L. ed. 493; Walker v. Whitehead, 16 Wall. 314, 21 L. ed. 357.

But Congress had power to pass all laws necessary for the protection of the soldiers, and it did pass a Moratorium Statute which provides that when a person in the military service has appeared in an action and his rights have been in no way prejudiced by reason of his military service, then there is not even a stay of the judgment against him. U. S. Comp. Stat. § 3078¼bb, Fed. Stat. Anno. Supp. 1918, p. 814.

Certainly there is no occasion for this court supplementing, adding to, or taking anything from the act of Congress. The judgment should be affirmed.