# T. K. STRAND, Respondent, v. ALFRED LARSON, Appellant, and J. E. ELSBERRY, Garnishee.

## (176 N. W. 736.)

**Army and Navy — discharged soldier may take advantage of State Moratorium Act within the period of time prescribed in the act.**

> The State Moratorium Act (Laws 1918, chap. 10), is available to a soldier who has been in the active military service of our government, even after his discharge, for the period of time prescribed in the Act.

Opinion filed January 19, 1920.

Action upon an account against a former soldier in the active military service; from a judgment rendered in favor of the plaintiff, the defendant has appealed.

Judgment reversed and action ordered dismissed.

*Albert Weber,* for appellant.

The vital question in interpreting a statute is the legislative intent. Granger v. Lorenzen, 28 S. D. 295, 133 N. W. 259; State ex rel. Linde v. Packard, 25 N. D. 317; 6 R. C. L. 102–111.

*Bagley & Thorpe,* for respondent.

BRONSON, J.  This is an action against a former soldier. He has appealed from a judgment rendered thereupon. The facts are stipulated. The sole question involved is the interpretation to be placed upon the state Moratorium Act. Laws 1918, chap. 10.

The defendant was in the active military service of our Federal government in the recent war, from June 23, 1918, until February 5, 1919, when he was honorably discharged, at Camp Dodge, Iowa. The causes of action are for moneys loaned or advanced, by the plaintiff, to the defendant, in January and February 1918, amounting to $74.

Action thereupon was instituted, in justice's court, in May, 1919; the plaintiff also garnisheed moneys due the defendant and claimed to have been earned since his discharge from the active military service.

NOTE.—On validity and construction of war legislation in nature of moratory statute, see comprehensive note in 9 A.L.R. 6.

Pursuant to objection made by the defendant, that court, upon trial, dismissed the action. Appeal thereupon was taken to the district court, and in July, 1919, upon the stipulated facts, the trial court ordered and rendered judgment for the plaintiff, holding that the defendant was not entitled to the benefit of the state Moratorium Act.

The trial court in support of its order filed a memorandum decision wherein it construes the Moratorium Act to apply only to persons while engaged in the active military service of our Federal government, contending that the act throughout its terms speaks alone in the present tense; that if the act was intended to protect those who had been in the military service it would have been easy for the legislature so to state. The appellant herein, who has relied in the lower courts upon the protection of the Moratorium Act, contends that the act, enacted for the protection of those who offered their services and their lives in the present great war, is available for those who were in such active military service during the entire time specified in the Moratorium Act.

In Thress v. Zemple, 42 N. D. 599, 9 A.L.R. 1, 174 N. W. 84, this court determined that the state Moratorium Act applied in favor of one engaged in active military service, for the period of time prescribed in the act. In that case the defendant was in the active military service from February 8, 1918 to November 25, 1919. A judgment had theretofore been rendered against him in December, 1916. A new trial had been granted in June, 1917, upon which an appeal was taken to this court. Pursuant to proceedings subsequently had in this court, the trial court, in October, 1918, entered judgment against the soldier. This court held such action erroneous and directed that no further proceedings be taken during the time the United States is engaged in the present war and for an additional period of one year, unless otherwise ordered by the trial court, pursuant to the terms of the Moratorium Act.

The question here involved is the right of a soldier, who has been in the active military service, after his discharge, to avail himself of the provisions of the Moratorium Act for and during the period of time prescribed in the act.

The Moratorium Act (§ 1.) specifically provides that no proceeding shall be had or taken for the recovery of any indebtedness against any person in the active military service of our government during the time

the United States is engaged in the present war, and for an additional period of one year. Upon the construction as given by the trial court, and as contended by the respondent, this section would mean that, immediately upon the discharge of a person so engaged in the active military service, proceedings might be immediately initiated to prosecute or realize upon all causes of action, pending cases, and judgments then existing.

The Moratorium Act (§ 6) further specifically provides, with respect to taxes, that no proceeding shall be taken for the collection thereof until the expiration of the period of time mentioned in § 1. Again, pursuant to the holding of the trial court and the contention of the respondent, this section would apply only during the time that the soldier was in the active military service.

The Moratorium Act (§ 7) further provides that in any action or proceeding sought to be taken after the close of the period provided for in § 1 of the Act, the period of military service shall be excluded in computing the statutory limitation.

Sections 6 and 7 of the act have an important bearing in arriving at the legislative intent in the enactment of this legislation. Furthermore, in arriving at the legislative intent, it is highly proper to consider the purposes and objects sought to be accomplished through the Moratorium Act.

The legislation was enacted when the great war was then in course of progress. Our Federal government was then calling into active service, in the defense of our country, men from all walks of life, and requiring them necessarily to leave their families, their business, and their properties. Wisely, indeed, did the legislature of this state determine that, under these circumstances, it was not only its patriotic duty, but highly essential, to extend protection to the interests of our soldiers at home, while they were fighting for our country abroad. Properly, furthermore, the legislature evinced an intent to consider subordinate the rights of creditors of such soldiers, so far as they concerned claims against them. The legislative intent, under such circumstances, to extend a protection, not merely during the time of actual service, but for a specific period of time, is evinced throughout the act, recognizing, apparently, the evident necessity of a period of rehabilitation for the soldier even after the cessation of the active military serv-

ice. It is indeed a strained construction therefore to maintain that it was the legislative intent that this act should apply only to the soldier while he was engaged in the active service of our government, and that immediately after his discharge he should become subject to all the claims, causes of actions, and judgments that might have existed, or have accumulated prior to, or during the time, of his absence. No hardship is imposed upon creditors requiring them to wait during the period of time specified in the Moratorium Act comparable to the services rendered by our soldiers deservedly to be recognized in the present war. It is our opinion, therefore, that the intent of the Moratorium Act is to permit the entire time specified in the act to be available to a person who has been engaged in the active military service of our government. The judgment is reversed, and the action ordered dismissed, with costs to the appellant.

GRACE and BIRDZELL, JJ., concur.

ROBINSON, J. I dissent on the ground that Congress had ample authority to pass all acts necessary to protect the soldiers. There is no reason for a state to supplement the acts of Congress by impairing the obligation of contracts.

CHRISTIANSON, Ch. J. (concurring). The only question presented for determination in this case is one of construction of the state Moratorium Act. The question of the constitutionality of the act has in no manner been raised. Nor was it raised in Thress v. Zemple, 42 N. D. 599, 9 A.L.R. 1, 174 N. W. 85. I am frank to confess that my mind is not free from doubt in this case; but I am not prepared to say that the interpretation placed upon the Moratorium Act in the opinion prepared by Mr. Justice Bronson is erroneous. Such interpretation is in accord with the views expressed in Thress v. Zemple, supra.