[File No. 7148.]

JOHN BALE, Appellant, v. SELMER BRUDEVIG, Oscar Brudevig, and Elmer Lykken, Respondents.

(43 NW2d 753)

Opinion filed August 26, 1950

*Burnett, Bergesen, Haakenstad* and *Conmy,* for appellants.

*Nilles, Oehlert & Nilles,* for respondents.

Nuessle, Chief Justice. This action was brought against the defendants, Selmer Brudevig, Oscar Brudevig, and Elmer Lykken, to recover damages for breach of contract.

The plaintiff and the defendant, Selmer Brudevig, were farmers. In 1948, plaintiff raised 12 acres of potatoes, and Selmer Brudevig 40. acres. Selmer had no potato equipment, but contracted with the defendant, Lykken,.who had a digger and other machinery, to care for and dig his crop. The potatoes ripened. Lykken was about to begin digging Selmer's potatoes. Pickers were scarce. It was late in the season. There was danger of frost. Plaintiff was anxious to have his potatoes harvested, but he had no harvesting machinery. Thus impelled, he alleges that he entered into the contract on which he declares. In his complaint he alleges that he and the defendants verbally agreed that he would assist Selmer Brudevig in picking the latter's potatoes; that in consideration of his doing so, the defendants would dig his potatoes and otherwise assist him in harvesting them; that he complied with this agreement and helped harvest Selmer's potatoes; that when the harvesting thereof was completed, the defendants refused to dig his potatoes and otherwise help him in the harvesting as they had agreed to do; that consequently he was unable to have his potatoes harvested and they were frozen and thus rendered worthless; that thereby he suffered damage in the amount of the value of the potatoes less the

cost of harvesting and marketing them. The defendants answering interposed a general denial.

The case was tried to a jury which returned a verdict in favor of the plaintiff and against the defendants, Selmer Brudevig and Elmer Lykken. Judgment dismissing the action was entered in favor of the defendant, Oscar Brudevig, and against the defendants, Selmer Brudevig and Elmer Lykken, for the amount of the verdict. The defendants, Selmer Brudevig and Lykken, then moved for judgment notwithstanding the verdict or for a new trial. The court denied their motion for judgment notwithstanding the verdict, but granted the motion for a new trial. Whereupon plaintiff perfected the instant appeal.

The motion for judgment notwithstanding or for a new trial was predicated among other things on the insufficiency of the evidence to sustain the verdict and upon errors of the court in rulings on questions of evidence.

On the trial the plaintiff introduced evidence as to the yield of his potatoes, the expense that would have been incurred in harvesting and marketing them, and the market value thereof. He also offered evidence as to the rental paid for the land planted to the potatoes, the cost of preparing the ground and planting, cultivating, and spraying them, and of the seed planted. This latter evidence was objected to by the defendants, but the objection was overruled and the evidence was received. The defendants assigned error on this ruling.

There is no question but that the court erred in admitting evidence as to the costs incurred by the plaintiff in growing the potatoes. The action was for damages measured by the amount of the difference between the value of the potatoes on the open market and the cost of harvesting and marketing them. The cost of raising the potatoes was not relevant. Where proffered evidence is challenged as irrelevant, the test is as to whether it would reasonably and naturally tend to prove or disprove any matter of fact in issue. If it would, it is relevant; if it would not, it is irrelevant. State v. Heaton, 56 ND 357, 217 NW 531, and authorities cited. Here the matters of fact in issue were: Was there a contract? Was it breached by the defendants? Was

the plaintiff damaged thereby and, if so, the amount of the damage? The crop was mature. The potatoes were ripe. Certainly the cost of raising them did not in any way tend to prove or to disprove any of these matters of fact. Therefore the objection was good. See also in this connection United States v. 576,734 Acres of Land, etc. 143 Fed2d 408, certiorari denied; Hankin v. United States, 323 US 716, 89 Law Ed 576; Brown v. Arkebauer, 182 Ark 354, 31 SW2d 530; Long's Ex'rs v. Bischoff, 277 Kentucky 842, 127 SW2d 851; Crow v. Davidson, 186 Okla 84, 96 Pac2d 70, 126 ALR 123; Uhrhan v. Morie (Mo App) 293 SW 483; Pulliam v. Miller, 108 Neb 442, 187 NW 925; Candler v. Washoe Co. 28 Nev 151, 80 Pac 751; Joe Chung v. Louie Fong Co. 130 Wash 154, 226 Pac 726.

But the plaintiff contends that though this evidence was not relevant and therefore was erroneously received, it cannot be said that its admission was prejudicial. We are unable to agree with this contention. The evidence as to the contract was at most scanty. The aggregate of the items of cost was substantial—$485.00. This evidence naturally tended when received to influence the jury. Otherwise, why was it introduced? And the trial court who had the advantage of seeing and hearing the witnesses as they testified, stated in his memorandum opinion that without doubt the jury were influenced in their judgment by it. On account of the erroneous admission of this evidence alone, the order granting a new trial was warranted, regardless of the sufficiency or insufficiency of the evidence to sustain the verdict.

On the other hand, the defendants contend that though they did not appeal from the order denying their motion for judgment notwithstanding the verdict, nevertheless this court should now consider the propriety of the district court's denial. In that behalf they insist that the plaintiff having perfected his appeal from the order granting a new trial, thereby the way was opened for this court to pass upon the sufficiency of the evidence to sustain the verdict; that there is no evidence to warrant a finding that the agreement on which the plaintiff predicates his case was made; that accordingly the court now may and should order

judgment for the defendants notwithstanding the verdict. In support of this contention defendants cite Thress v. Zemple, 42 ND 599, 174 NW 85, 9 ALR 1. The defendants' motion was in the alternative, for judgment notwithstanding the verdict or for a new trial. It is true, as we have said above, that the evidence as to the contract was at best, scanty. But the trial court who heard and saw the witnesses did not see fit to order judgment notwithstanding the verdict. And it may be that the plaintiff's evidence can be amplified on another trial. On the other hand, the defendants were satisfied with the court's ruling for they took no appeal therefrom. After a careful examination of the record we are of the opinion that the trial court's disposition of the defendants' motion should not be disturbed.

Accordingly the order granting a new trial is affirmed and the case is remanded for further proceedings in accordance with law.

MORRIS, BURKE and CHRISTIANSON and PORTER, Dist. J., concur.

GRIMSON, J., did not participate.

PORTER, Judge of the Third Judicial District, sitting by request.